IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**PROGRESSIVE MEDICAL**     **PLAINTIFF**
**ENTERPRISES, LLC d/b/a**
**Magnolia Tech Lab, LLC**

**V.**     **NO. 3:23-CV-462-DMB-RP**

**ALTERNATIVE BIOMEDICAL**
**SOLUTIONS**     **DEFENDANT**

## ORDER

On January 24, 2024, Progressive Medical Enterprises, LLC, filed a "Motion to Find as Moot Motion to Dismiss or, Alternatively, for Additional Time to Respond," specifically, "an additional seven (7) days … following the entry of the Court's order on Progressive Medical's motion to amend." Doc. #20 at 1. As cause, Progressive argues:

> On December 22, 2023, Defendant Tox Testing, LLC ("Tox Testing") filed a Rule 12(b)(6) motion to dismiss. … At the case management conference, the parties agreed that [its] response would be due on January 23, 2024. … In the briefing on its motion, Tox Testing asserts (among other things) that the Plaintiff's "D/B/A" designation is not proper since Magnolia Tech, LLC is a legally recognized entity.
>
> To address this argument, and to update the Defendant's legal name, [it] (as Plaintiff) and Magnolia Tech, LLC (as proposed intervenor Plaintiff) have filed a motion for leave to intervene, substitute parties, and to amend the complaint. … If the amendment is granted, then the Court should find as moot the Defendant's motion to dismiss …. This is because the amended complaint will "supersede[] the original complaint and render[] it of no legal effect . . . ."

Doc. #21 at 1–2 (footnote omitted).[1] No response to the motion was filed.[2]

---

[1] In a footnote in its memorandum, Progressive represents that "Alternative Biomedical Solutions, LLC recently changed its name to Tox Testing, LLC, and it is Tox Testing, LLC that has appeared to defend this case." Doc. #21 at 1 n.1. The motion to dismiss states in its opening paragraph that it is filed by "Defendant Alternative Biomedical Solutions LLC, now known as Tox Testing, LLC …." Doc. #10 at 1.

[2] The response deadline expired February 7. *See* L.U. Civ. R. 7(b)(4).

The minutes of the January 9 case management conference do reflect that the parties "agreed that plaintiff's response to defendant's pending motion to dismiss is due by January 23, 2024."[3] Doc. #12. And on January 30, after the filing of this motion by Progressive, United States Magistrate Judge Roy Percy issued an order granting Progressive's January 22 "Motion to Intervene, Substitute Parties, and Amend the Complaint."[4] Doc. #23. However, because the proposed amended complaint was not filed by the February 6 deadline set by Judge Percy in the January 30 order, the motion to dismiss is not moot. Consequently, Progressive's motion requesting the motion to dismiss be deemed moot [20] is **DENIED**.[5]

**SO ORDERED**, this 8th day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Because the undersigned decides motions to dismiss in non-consent cases, the parties' agreement about the response date is of no moment where there has been no formal request for an extension filed on the docket and granted by the undersigned. By the time of the January 9 case management conference, the January 5 deadline to respond to the motion to dismiss had expired. See L.U. Civ. R. 7(b)(4). Federal Rule of Civil Procedure 6(b)(1)(A) provides that "for good cause," a court may extend a deadline before the original deadline or its extension expires. A party seeking an after-the-fact extension, however, bears the heavier burden of demonstrating both "good cause" and "excusable neglect." See Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015) (citations omitted).

[4] Doc. #18.

[5] For the reasons stated in note 3, this denial includes the alternative request for an extension. Even had the Court granted the alternative extension request, the requested extension date has passed.